RAY v. HILLER .ET AL.

1. Where a deed of assignment conveyed all the assignor's property,
   real and personal, for the benefit of all creditors ratably, with a
   list of personal property attached, the fact that funds were dis-
   covered in a bank not specifically named, against which there were
   outstanding drafts, which fund did not pass to the assignee's hands,
   by the assignor's draft, for two weeks after the assignment, was
   not sufficient to defeat the deed, under the act of 1881 (Sess. Laws,
   p. 35), making an assignment void if it contain preferences, except
   to pay wages to laborers or employees.
2. Where a general assignment is made, including funds in a bank, the
   property in the funds passes to the assignee, as against the holder
   of a draft thereon, drawn by the assignor before the assignment,
   but not presented.

## Error to District Court of Chaffee County.

THIS action was commenced May 12, 1884, by Darwin
Ray, the plaintiff in error, against the said Edwin H.
Hiller and Nelson Hallock, partners in the banking busi-
ness as Hiller, Hallock & Co.  The action was founded
upon four drafts of date March 19, 1884, drawn by the
said Hiller, Hallock & Co. upon the American Exchange
National Bank of New York, payable to the order of the
said Darwin Ray, aggregating in amount $3,000.  Gar-
nishee notice was served upon the said Alex. G. Watson,
and he made answer thereto May 23, 1884, to the effect
that said Hiller, Hallock & Co. had been doing a banking
business at Buena Vista, in said county, and on the 17th
day of April, 1884, they had made a general assignment
to him of all of their property for the benefit of their
creditors, and that he had accepted the trust, and accord-
ingly had taken charge of the said property and effects.
Afterwards judgment was entered against the said Hiller
and Hallock, in favor of the said Ray, for the said amount
of said drafts; and the said assignee, Watson, and the said
Hiller were cited to appear and answer orally touching
the said matter of garnishment.  Upon such examina-
tion the said Watson testified as follows: "I reside at

Buena Vista. Am the Alex. G. Watson who was appointed assignee for the benefit of the creditors of Hiller, Hallock & Co., April 16, 1884. A garnishee summons was served on me on May 12, 1884, in a suit of *Darwin Ray v. Hiller, Hallock & Co.*, some time in the forenoon of that day, between 10 and 11 o'clock — about 11. I think it was after the filing of the suit of *Hiller, Hallock & Co. v. Alex. G. Watson* for the appointment of a receiver — probably half an hour. The complaint in that case was filed about the same time — about 10 or 11 o'clock. At the time of the service of the garnishee process I had possession of the property of Hiller, Hallock & Co. as assignee. Prior to the service of the notice of garnishment I had received from the American National Bank of New York the sum of $3,200, or thereabouts. I got Mr. Miller to draw a draft, in the name of Hiller, Hallock & Co., in my favor, for $3,219 and some cents, payable to me as assignee of Hiller, Hallock & Co. The draft was sent to Denver to be forwarded. I attached the certificate of the clerk and record to that draft that I was appointed assignee at such a time, and was still the assignee. I cannot give the exact date upon which the draft was drawn; it was as soon as I could learn from them that there was any money there. It was subsequent to the record of the deed of assignment. I notified them by letter that Hiller, Hallock & Co. had made an assignment, after the assignment was made, and also wired them, as well as the St. Louis bank, that I was appointed assignee, and to hold any money subject to my order, to protect the creditors. On May 17, 1884, I turned over to my successor in trust the property of the trust. I had the $3,219 received from the American National Bank of New York in my possession at the time of the service of garnishee process. I deposited the draft drawn on the American Exchange National Bank in the First National Bank of Denver; and when I turned over the trust to the receiver my check for the amount

was honored." Edwin Hiller testified as follows: "I am one of the defendants in the suit of *Darwin Ray v. Hiller, Hallock & Co.* I made an assignment of the property of Hiller, Hallock & Co. on the 16th day of April last to A. G. Watson. I don't know what money was to our credit in the American Exchange National Bank of New York. The amount in the American National Bank of New York was not assigned specifically. I had conversations with Mr. Watson in regard to the money in that bank several different times, in which I suggested to him that there were drafts out against it, and that it would be well to leave it there for a time, but no definite time was fixed for it to be left there. There was no special assignment of the balance due us in that bank — everything was assigned in a general way. The deed of assignment was the only act of mine in the matter. The money was left in the American Exchange National Bank, by Watson and myself, for the purpose of allowing all drafts that were out to get in that could. In addition to the deed of assignment, I turned over all the property of the firm, so far as it was in my reach. I subsequently drew a draft on the American Exchange National Bank of New York in favor of the assignee. I desired the assignee to leave that balance there. I knew very well that as soon as the New York bank heard of the assignment they would decline to honor any more drafts. At the time I had the conversation with the assignee I asked him not to notify them by wire, so as to allow all drafts that could possibly get in to get there. I knew they would not pay any drafts as soon as they heard of the assignment, and that was the case." The deed of assignment recites and grants as follows: "This indenture, made this 16th day of April, A. D. 1884, between Edwin H. Hiller and Nelson Hallock, bankers, partners in business under the firm name and style of Hiller, Hallock & Co., of Buena Vista, Chaffee county, Colo., party of the first part, and Alex. G. Watson, of

said Buena Vista, party of the second part. Whereas, the said parties of the first part are indebted to divers persons in divers sums of money, which, by reason of sundry losses and misfortunes, they have become unable fully to pay at this present time, and are desirous of providing for the payment thereof by an assignment of all their property and effects for that purpose, now this indenture witnesseth that the said parties of the first part, in consideration of the premises, and of the sum of $1 to them in hand paid by the party of the second part at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, assigned, transferred and set over, and by these presents do grant, bargain, sell, assign, transfer and set over, unto the said party of the second part, his heirs, executors, administrators and assigns, all and singular the lands, tenements, hereditaments and appurtenances, goods, chattels, stocks, promissory notes, debts, choses in action, claims, demands, property and effects of every kind and description belonging to the said parties of the first part, or in which they have any right or interest whatsoever; the same being more fully and particularly enumerated and described in a schedule thereof hereto annexed, and marked 'Schedule A,' the realty being described as follows, namely." This deposit in the said New York bank did not specifically appear in the deed, nor in the said Schedule A. At the date of the assignment the account with the American Exchange National Bank of New York upon the books of Hiller, Hallock & Co. showed that drafts had been drawn upon said bank by Hiller, Hallock & Co. for $848.46 in excess of the deposit there. It also appears that the drafts drawn in favor of said Darwin Ray had not been presented until after the payment of the said amount on deposit to the said assignee. The said garnishee was adjudged not to be liable under the garnishee process, and accordingly discharged, to which the said plaintiff

excepted, and brings the case here on writ of error to reverse said order. Previous to this order the said Stead had been appointed to succeed said Watson in said trust, and after service of the garnishee process said Watson had turned the money and effects over to the said Stead, who was substituted in place of said Watson in the action.

Messrs. P. J. COSTON and M. J. COCHRAN, for plaintiff in error.

Messrs. T. M. S. RHETT, WATSON and LIBBY, H. W. HOBSON and SAM. P. ROSE, for defendant in error.

STALLCUP, C. It is evident that this was a general assignment for the benefit of creditors. All the legislation we then had upon the subject was as follows: " Whenever any person or corporation shall hereafter make an assignment of his or its estate for the benefit of creditors, the assignee nominated in the deed of assignment, elected, or appointed, shall be required to pay in full, from the proceeds of the estate, all moneys *bona fide* due to the servants, laborers and employees of such assignor for their wages accruing during the six months next preceding the date of such assignment, but to exceed in no event the sum of $50 to any one person, and then remaining unpaid. All the residue of the proceeds of such estate shall be distributed ratably among all other creditors, and any preference of one creditor over another; except as above allowed, shall be entirely null and void, anything in the deed of assignment to the contrary notwithstanding." Sess. Laws 1881, pp. 35, 36. The evidence was doubtless sufficient to warrant the court in finding that the assignment was intended to be general, and was honestly made for that purpose, without intent thereby to prefer any of the creditors. However, under this legislative enactment, had there been any attempt by

the assignment to prefer creditors, such attempt would have been without effect to either prefer creditors, or to vitiate the deed, so as to defeat a ratable distribution of the proceeds of the entire estate among all the creditors. *Campbell v. Iron Co.* 9 Colo. 60. Under this deed and this legislative enactment, the assignee became vested with right and title to the estate of the assignors for the purpose of paying the debts of the said assignors in full, if sufficient therefor; if not, then ratably, except only as to the preference created by the said legislative enactment. And the assignee became charged with the duty of collecting the personal assets, wherever they might be found, and of distributing the proceeds of the entire estate among the creditors according to the provisions of the said enactment. The circumstance that assets were found that were not definitely enumerated in the deed of assignment could in no way vitiate the deed, nor defeat the equitable distribution of the proceeds of the estate. *Platt v. Lott,* 17 N. Y. 478; *Turner v. Jaycox,* 40 N. Y.. 470; Burrill, Assignm. § 122; *Pingree v. Comstock,* 18 Pick. 46. The circumstance that a delivery to the assignee of the amount of the fund on deposit in the New York bank was effected by a draft upon said bank in favor of said assignee, signed by the said assignors, about two weeks after the execution of the said deed of assignment, could in no way change the character of the original assignment. The making of this draft, and the receipt of the said fund by the assignee thereby, could in no way divest said fund of its trust character, nor make it subject to the said garnishee process. *Faxon v. Durant,* 9 Metc. 340. The drafts upon the said American Exchange National Bank of New York, made to Darwin Ray, did not operate as an assignment of the amount therein before presentation thereof; and, not having been presented until after the assignee had drawn the funds on deposit there, the holder of the drafts was without right in the said funds

so drawn, superior to the other creditors of the said drawers of the said drafts. *Grammel v. Carmer,* 55 Mich. 201; *Bank v. Boettcher,* 5 Colo. 185. The judgment should be affirmed.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*